IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CYPRESS BAYOU INDUSTRIAL PAINTING, INC., | § § § | |
| Plaintiff, | § | Civil Action No. 1:13-cv-453 |
| v. | § § § | |
| SENTRY SUPPLY, INC., d/b/a SUPERIOR SUPPLY & STEEL *et al*, | § § § § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cypress Bayou Industrial Painting, Inc. filed suit against Defendants Sentry Supply, Inc., d/b/a Superior Supply & Steel ("SS"), and Conrad Orange Shipyard, Inc. ("Shipyard") in Texas state court, asserting a claim for breach of contract against SS only and claims for quantum meruit, unjust enrichment, promissory estoppel, and negligent misrepresentation against both Defendants. The case was removed to federal court by SS on diversity grounds, based on the theory that there was complete diversity between Plaintiff and SS if the improperly joined Defendant Shipyard's citizenship was disregarded.

The case was referred to United States Magistrate Judge Keith F. Giblin for determination of non-dispositive pretrial matters, pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to United States Magistrate Judges. SS then filed a motion to dismiss only Plaintiff's claims for unjust enrichment and negligent misrepresentation against it, and Plaintiff filed a motion to remand the case to state court.

On November 18, 2013, Judge Giblin entered a Report and Recommendation that recommended: (1) denying Plaintiff's motion to remand, (2) dismissing all claims against Shipyard, and (3) granting SS's motion to dismiss only Plaintiff's claims for unjust enrichment and negligent misrepresentation. Plaintiff's claims for breach of contract, quantum meruit, and promissory estoppel against SS were not affected by the recommendation.

Specifically, with respect to the motion to remand, Judge Giblin found that Shipyard had been improperly joined in the case because there was no reasonable basis in law or fact for Plaintiff's claims against it. Given that, complete diversity existed between Plaintiff and Defendant SS, so Judge Giblin recommended denying Plaintiff's motion to remand and dismissing all claims against Shipyard. With respect to SS's motion to dismiss, to which Plaintiff failed to respond, Judge Giblin recommended dismissal of the unjust enrichment claim because it is not an independent claim under Texas law, and dismissal of the negligent misrepresentation claim because Plaintiff alleged SS made a promise for future conduct rather than a misstatement of existing fact. No objections were filed to this Report and Recommendation by either side.

Therefore, the objections period having run and no party having filed objections, the court ADOPTS the magistrate judge's Report and Recommendation [Doc. # 15] and ORDERS as follows:

1. Plaintiff's Motion to Remand [Doc. # 7] is DENIED.

2. Defendant Sentry Supply, Inc.'s Motion to Dismiss [Doc. # 6] is GRANTED.

3. Plaintiff's claims of unjust enrichment and negligent misrepresentation only as to SS are dismissed, and all claims against Defendant Conrad Orange Shipyard are dismissed. The case will proceed as to Plaintiff's claims against SS for breach of contract, quantum meruit, and promissory estoppel.

So **ORDERED** and **SIGNED** this **6** day of **December, 2013.**

_____
Ron Clark, United States District Judge